UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4628(DSD/JJG)

U.S. Energy Services, Inc.,
a Minnesota corporation,

   Plaintiff,

v.                **ORDER**

U.S. Energy Savings Corp.,
a Delaware corporation,

   Defendant.

   Dennis C. Bremer, Esq., Carlson, Caspers, Vandenburgh & Lindquist, 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402 and Hugh D. Jaeger, Esq., Hugh D. Jaeger, PA, P.O. Box 672, Wayzata, MN 55391, counsel for plaintiff.

   Carrie L. Hund, Esq., Edward F. Fox, Esq., Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402 and Michael J. Berchou, Esq., Phillips Lytle, LLP, 3400 HSBC Center, Buffalo, NY 14203, counsel for defendant.

   This matter is before the court upon defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants defendant's motion.

**BACKGROUND**

   This matter stems from a trademark dispute between two entities in the energy business. Defendant U.S. Energy Savings Corp. ("Savings") is a Delaware corporation with its principal place of business in Ontario, Canada. Savings is a direct

subsidiary of Ontario Energy Commodities Inc. and an indirect subsidiary of Ontario Energy Savings Corp. — both Canadian corporations.  Savings's affiliates do business as "U.S. Energy Savings Corp." and "U.S. Energy Savings," and supply consumers and businesses in Indiana, Illinois, Texas and New York with protected priced contracts for natural gas and electricity.

Plaintiff U.S. Energy Services, Inc. ("Services") is a Minnesota corporation that formed in 1993.  Services is an energy management company that works with commercial customers, schools and the ethanol industry.  Services has rights in its federally registered service mark "U.S. Energy Services" and design. Services has used the mark continuously since 1993.  Savings began using "U.S. Energy Savings" with design as a service mark in 2004 and soon began using "U.S. Energy Savings" without design as a service mark.

Since 2004, Services has received numerous communications in Minnesota from consumers located in the states where Savings conducts business who believed they were contacting Savings. Services responded to e-mail correspondence — some of which contained consumer complaints against Savings — by directing those consumers to Savings.  Services contends that these consumer complaints have led to bad press and complaints directed at its company and that Savings has knowingly forced Services to suffer these harms in Minnesota.  Services contacted Savings in 2005 and informed it that its name was causing confusion felt in

Minnesota.  (Jaeger Aff. ¶ 2.)  Savings made no response and has continued to use the name U.S. Energy Savings.

Services filed this action on November 16, 2007, asserting claims against Savings for trademark infringement and unfair competition.  On May 8, 2008, Savings moved to dismiss Services's action for lack of personal jurisdiction.

## DISCUSSION

Savings argues that its contacts with Minnesota do not support personal jurisdiction.  As an initial matter, the court determines that it need not direct additional discovery to resolve the issue.  Such discovery is unlikely to determine whether personal jurisdiction is appropriate, and "there are no overriding equitable considerations weighing in favor of granting jurisdictional discovery."  Tuttle v. Lorillard Tobacco Co., 118 F. Supp. 2d 954, 960 (D. Minn. 2000); see Principle Fin. Services, Inc. v. Big Fin. and Ins. Services, Inc., 426 F. Supp. 2d 976, 982 (S.D. Iowa 2006).  The court finds that existing facts are sufficient for determining whether personal jurisdiction is appropriate in this case.

To survive a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant."  Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996); see also Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir.

1998).  In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." <u>Dakota Indus., Inc. v. Dakota Sportswear, Inc.</u>, 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted).  A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause."  <u>Romak USA, Inc. v. Rich</u>, 384 F.3d 979, 984 (8th Cir. 2004) (quotations omitted).  Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements.  <u>Coen v. Coen</u>, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted).

Due process requires that a defendant have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."  <u>Romak</u>, 384 F.3d at 984.  "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."  <u>Coen</u>, 509 F.3d at 905 (citation and quotation omitted).  A defendant should reasonably anticipate being haled into court in a forum state within which it "purposefully avail[ed] itself of the privilege of conducting activities, ... thus invoking the benefits and protections of its laws."  <u>Id.</u>  (citation omitted).  The Eighth Circuit considers five factors to measure minimum contacts:  "(1) the nature and

4

quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004). The court gives significant weight to the first three factors. See id. The third factor distinguishes general jurisdiction from specific jurisdiction. See Coen, 509 F.3d at 905. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Id. (citation omitted).

Because Services does not contend that the basis for personal jurisdiction is the "continuous and systematic" contacts of general jurisdiction with the forum state, the court considers only whether specific jurisdiction exists over defendant. Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006). Specific jurisdiction occurs when a defendant has "purposefully directed his activities at residents of the forum" and the cause of action "arises[s] out of" or "relate[s] to" a defendant's activities within that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Savings has no offices, personnel or bank accounts, nor does it own or possess any real property in Minnesota. Savings operates a website accessible to Minnesota residents, but

5

energy services are not available for order directly from that site, and Savings has conducted no business in the state. Rather, Savings and its affiliates supply only customers who have accounts in New York, Texas, Illinois or Indiana. (Stiles Decl. ¶ 10.) Savings has not advertised to Minnesota consumers or businesses and does not have employees or sales representatives in the state. Further, Savings has not transacted any business with Services. Services, however, argues that specific jurisdiction is appropriate under Calder v. Jones, 465 U.S. 783 (1984), because Savings allegedly committed an intentional tort knowingly causing an injury felt by Services in Minnesota.

Under Calder, when a plaintiff makes such allegations, a court evaluates additional factors to determine whether the defendant could "'reasonably anticipate being haled into court'" in the forum state. Calder, 465 U.S. at 790 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980)); Dakota Indus., 946 F.2d at 1391 ("Calder requires the consideration of additional factors when an intentional tort is alleged."). Specifically, a court considers whether the alleged tortfeasor expressly aimed its intentional tortious conduct at the forum state and "knew that the brunt of th[e] injury would be felt" by the plaintiff in the forum state. Calder, 465 U.S. at 789-90; see also Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008) (alleged tortfeasor must know plaintiff would feel brunt of injury in forum state); Dakota Indus., 946 F.2d at 1390-91. "The

6

Calder test is construed narrowly," Minn. Pub. Radio v. Va. Beach Educ. Broad. Found., 519 F. Supp. 2d 970, 980 (D. Minn. 2007) (citations omitted), and although it lends support to jurisdictional claims, Calder does not provide an independent basis for personal jurisdiction in the Eighth Circuit. See Lindgren v. GDT, LLC, 312 F. Supp. 2d 1125, 1133 (S.D. Iowa 2004).

Services argues that Savings's allegedly tortious conduct was expressly directed at Minnesota, where Services is incorporated and conducts business. Under the Calder analysis, a court may consider a company's headquarters as the location in which it would feel the brunt of the injury. See Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001). Therefore, Services experienced the brunt of the injury in Minnesota by receiving numerous communications from Savings's customers.

Services, however, has not demonstrated that Savings expressly aimed its tortious conduct at Minnesota. "Although Calder is sometimes characterized ... as the 'effects' test, 'more than mere effects' supported the Supreme Court's holding in Calder." Superior Edge, Inc. v. Maricopa County Cmty. Coll. Dist., 509 F. Supp. 2d 786, 794 (D. Minn. 2007) (quoting Hicklin Eng'g, Inc. v. Aidco, Inc., 959 F.2d 738 (8th Cir. 1992)). As noted, Savings operates only in Indiana, Illinois, New York and Texas, and does not advertise in Minnesota, have customers in Minnesota, or conduct business in Minnesota. Services has only

received complaints from consumers located outside Minnesota, and those complaints all relate to activities occurring outside Minnesota. Additionally, none of the negative press occurred in Minnesota publications or was directed to Minnesota consumers or businesses. Therefore, Savings's passive knowledge that Services "would feel the injury arising from the alleged trademark infringement is not sufficient to invoke Calder." See id. Absent additional minimum contacts and evidence that Savings expressly aimed its conduct at Minnesota, the Calder test does not aid Services's assertion of personal jurisdiction.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction [Doc. No. 3] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 19, 2008

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court